### REDFIELD and others *vs.*

### THE SUPERVISORS of Genesee County and others.

When a person is taxed in two different places for the same property, when he is only legally liable to be taxed once, and when it is doubtful to which party the right to tax belongs, a bill of interpleader, or a bill in the nature of a bill of interpleader, with a prayer for relief, will lie to compel a settlement of the right of taxation.

R. and L. purchased of the Holland Land Company their interest in the lands, in four counties, which interest consisted of bonds and mortgages for lands sold, contracts for the conveyance of lands, and lands not sold, the title to remain in the Company until the contract was complied with. The Holland Land Company were foreigners. H. and L. resided in Le Roy. Under the act of April 27, 1833, in relation to taxation of debts due to foreigners for the sale of lands, it was held that H. and L. were liable to be taxed in Le Roy, only for the amount of the debt which they incurred for the purchase of lands, and not for the debt incurred by the purchase of the bonds, and mortgages, and contracts.

The town of Le Roy having assessed H. and L. for the whole debt incurred by the purchase, were restrained from the collection of the tax thereon, except so far as such debt was incurred by the purchase of the unsold lands.

The tax upon the bonds, and mortgages, and contracts, was properly assessed in the towns where the mortgagors and purchasers owing

the debt resided, according to the proper construction of the act of April 27, 1833.

The purchase of bonds, and mortgages, and contracts, for lands sold, and the obligation or debt incurred thereby, does not create a debt for "the purchase of real estate," within the meaning of said act. Such debt arises out of the purchase of choses in action.

*D. H. Chandler*, for complainants.

*Albert Smith*, for Supervisors of Genesee Co.

*N. K. Hall*, for Supervisors of Erie County.

Aug. 1839.

Redfield and others v. The Supervisors of Genesee co. and others.

THE VICE CHANCELLOR. The principle seems to be recognised in this court, that when a person is taxed in two different places for the same property, when he is only legally liable to be taxed once, and when it is doubtful to which party the right to tax belongs, he may file a bill of interpleader, to compel a settlement of the right of taxation between the parties claiming it.

The bill in this cause is filed in supposed pursuance of the above mentioned principle. In the two similar cases heretofore brought before the court of chancery, (Thompson *vs.* Ebbets and Welch, 1st Hopkins' Rep. 272; and the Mohawk and Hudson Rail Road Company *vs.* Clute, 4 Paige, 385,) the bill was filed against the collectors after the assessment rolls had been placed in their hands for collection. In this case the bill is filed against the supervisors of the counties of Erie and Genesee, the constituted authorities for the assessment of the tax, before they had issued their warrants for its collection.

I can see no objection to filing the bill in this early stage, and in this case it saves multiplicity of parties, as, if the complainants had waited until the warrants had been placed in the hands of the collectors, they must have made the collectors of some twenty towns

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

parties defendants; all of whom, except the town of Le Roy, must have defended upon the same common principle.

The first question which arises is whether the case, as stated in the complainants' bill, is a proper case for a mere simple bill of interpleader.

The elements and constituents of such a bill are well understood and clearly defined, both in decided cases and in elementary books.

Judge Sutherland says, 1 Cowen's Reports, 703, the nature of the allegations in every bill of interpleader are, 1st. That two or more persons have preferred a claim against the complainant. 2. That they claim the same thing. 3. That the complainant has no beneficial interest in the thing claimed. And 4th. That he cannot determine, without hazard to himself, to which of the defendants the thing of right belongs. The complainant must also bring, or offer to bring, the money or thing claimed into court, so that he cannot be benefitted by delay in payment. We must look into the case presented by the pleadings, and see if it comes within the principles above briefly laid down or referred to. The bill does not set forth at length the contracts made between Redfield and Le Roy, and the Holland Land Company, but only the substance of them. So far as we can gather from the pleadings, the amount of the contract was this:

1st. Redfield and Le Roy agreed to purchase of the Holland Land Company, all their unsold lands in four counties, all their bonds and mortgages, and all their contracts for lands sold, with certain exceptions.

2d. The Holland Land Company were to retain

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

in their own hands the bonds and mortgages, the contracts for lands sold, and the title to such lands. They were by their own agents to collect the bonds and mortgages, the moneys due on the contracts, and credit Redfield and Le Roy with the amount so collected, as so much paid upon their contract; and when any contract before that time made by the Holland Land Company was paid up by the purchasers, the Holland Land Company was to convey in fulfilment of said contract.

3d. Redfield and Le Roy were to pay all taxes assessed against the Holland Land Company, either upon the lands so contracted to be sold, or upon the bonds and mortgages so contracted to be assigned.

4th. Redfield and Le Roy incurred a debt to the Holland Land Company: 1st. for the amount of the lands contracted to be sold; 2d. for the amount of the bonds, &c. contracted to be assigned; 3d. for the amount of the contracts contracted to be assigned.

The title to all the subject matters of conveyance or assignment was to remain in the Holland Land Company, until the consideration of the assignment and conveyance should be paid; and all the receipts by the Holland Land Company, by virtue of any of these subject matters of the bargain, were to be applied towards the payment of the contract of Redfield and Le Roy. And it is not to be forgotten that the Holland Land Company had their own agents to collect and convey.

This seems to me to be the substance of the contract; and the legal effect of it seems to be a species of insurance on the part of Redfield and Le Roy, that the Holland Land Company shall receive a certain sum for all the subject matters of the contract,

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

and that all sums received beyond that amount should be received for the benefit of Redfield and Le Roy. The contracts before in existence, and the bonds and mortgages, remained the legal property of the Holland Land Company. The guarantee or agreement on the part of Redfield and Le Roy to the Holland Land Company, that they (the Company) should receive so much clear money for all their interest, constituted the obligation, contract, liability, or indebtedness on their part.

By the first section of the act of April 27, 1833, (Laws, page 355,) it is enacted as follows:

" All debts owing by the inhabitants of this state to persons not residing therein, for purchase of any real estate, or secured by a mortgage on real estate, shall be deemed personal property within the town and county where the debtor resides, and as such shall be liable to taxation in the same manner, and to the same extent as the personal estate of citizens of this state."

After the contract above mentioned was made between Redfield and Le Roy, the assessors of the several towns in Erie and Genesee counties, in which the debtors on the old contracts resided, assessed the taxes upon such contracts to the Holland Land Company, under the above mentioned law. The assessors of the town of Le Roy, where Redfield and Le Roy resided, also assessed the Holland Land Company, under the same law, for the balance of the debt due from Redfield and Le Roy upon their contracts to them. The amount of debts then assessed in the several towns of Erie and Genesee, exclusive of the town of Le Roy, was $592,627; and the amount of debt assessed in Le Roy was $1,063,806.

The complainants insist that these two assess- <span>Aug. 1839.</span>
ments are for the same thing, or identical subject
matter of assessment, and ask that the defendants
may interplead to ascertain which has a right to en-
force the assessment. The antagonist parties to
such an interpleader would be the town of Le Roy
on the one hand, and the towns in Erie and Genesee,
mentioned in the pleadings, on the other.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

If the complainants are liable to assessment and
taxation for the same property or subject matter in
two different places, their equitable right to relief by
a simple bill of interpleader is unquestionable. Is
this such a case? It seems to me not. The basis
of assessment and taxation in the towns, exclusive of
Le Roy, is that there are debtors residing in these
towns, who owe money to the Holland Land Com-
pany for the purchase of real estate, or secured by
mortgage.

The basis of assessment and taxation in Le Roy,
is that Redfield and Le Roy owe a debt to the Hol-
land Land Company, for the purchase of the same
contracts, and bonds and mortgages assessed in the
other towns, and also for the purchase of lands and
real estate. The same property, therefore, is not in
strictness deemed to be taxed or assessed in two dif-
ferent places. One is levied upon debts clearly owing
for the purchase of real estate, or secured by mortgage
on real estate. The other is levied upon a debt partly
arising from the purchase of real estate, and partly
arising from an agreement to assign mere choses in
action. So far as the last is based upon the purchase
of real estate, it is clearly not identical with the first,
and is as clearly liable to assessment and taxation in
Le Roy under the act of 1833. So far as it is based
upon choses in action, though they are the same

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

choses in action assessed and taxed in the first case, yet they have not the same basis within the meaning of the act, and are, therefore, not the same identical matter or thing contemplated in the principles governing a simple bill of interpleader.

I think, therefore, this suit, as a simple bill of interpleader, cannot be sustained. The complainants, from their own showing in this case, have satisfied me that the towns in Erie and Genesee, exclusive of Le Roy, are entitled to the tax claimed by them; and they ought not to be subjected to the delay and expense of a chancery suit before they can be permitted to receive what is their just due. But in this case there are other grounds of equitable jurisdiction, as the complainants claim protection against illegal assessments. It may, therefore, be considered as a bill in the nature of a bill of interpleader, and for relief. If the complainants are entitled to relief, as against any of the defendants, for an illegal assessment or mistake in the principles of their assessments, their bill may possibly be sustained to give such relief.

It may be proper, therefore, for me here to point out the principles which in my opinion should govern the assessments in the case presented by the pleadings. From the construction which I have above given to the contract between Redfield and Le Roy, and the Holland Land Company, the conclusion is plain, that the contracts and bonds and mortgages which were part of the subject matter of that contract, remained, even after the execution of that instrument, the legal property of the Holland Land Company. Of course these contracts and mortgages were liable to assessment and taxation under the first section of the act of April 27, 1833; and

they were properly assessed and taxed in the towns
of Erie and Genesee counties, exclusive of Le Roy.
There were unquestionably " debts owing by inhab-
itants of this state to persons not residing therein,
for the purchase of real estate or secured by mort-
gage on real estate," within the meaning of said act,
provided such contracts and mortgages could pro-
perly still be deemed the property of the Holland
Land Company.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

My construction of the contract contemplates that
their interest in those contracts and mortgages still
remained legally in the Holland Land Company.

As to the assessment in the town of Le Roy, it
seems to me that a different principle should govern.

I view the contract made between Redfield and
Le Roy, and the Holland Land Company, as embra-
cing three distinct subject matters or things to be
conveyed or assigned :

1st. The unsold lands.

2d. The contracts.

3d. The bonds and mortgages.

The two last are choses in action. The debt cre-
ated by the agreement of Redfield and Le Roy to
pay the Holland Land Company, was, so far as re-
gards the contracts and bonds and mortgage, " a debt
owing by inhabitants of this state to persons not re-
siding therein, for the purchase of real estate," within
the above statute. It was not a debt for the pur-
chase of *real estate*, but for the purchase of choses
in action. It was not secured technically by " a
mortgage on real estate ;" and it seems to me that
so far this debt was not properly the subject of as-
sessment or taxation in the town of Le Roy. So
far as such debt was for the purchase of unsold lands,

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

it came within the purview of the statute, and could be properly assessed and taxed in the town of Le Roy, but not farther. In every view, therefore, the assessors of the town of Le Roy acted under a mistaken idea of their rights and duties.

Upon the presentation of the affidavit of Mr. Redfield, as stated in the bill, they should have curtailed the assessment to the amount of the debt incurred for the " unsold lands," so far the assessment would be authorised and warranted by the statute, but no farther. The bill states the amount of this debt for the unsold lands, was $174,458 10. If this is admitted to be the true sum, the town of Le Roy had a right to assess and tax to this extent, and not beyond.

Upon my construction of the contract, and the application of the provisions of the statute to the case, the complainants must pay,

1st. To the supervisors of the county of Erie, the tax upon $298,127, assessed in the different towns in that county, which tax is stated in their answer to be $2,712 06.

2d. To the supervisors of the county of Genesee, the tax upon $294,500, assessed in the different towns of that county, exclusive of Le Roy, the amount of which tax does not appear in the pleadings.

3d. To the supervisors of the county of Genesee, the tax upon $174,458 10, in addition to the above, being the tax upon the debt from Redfield and Le Roy to the Holland Land Company, for unsold lands ; and which tax must go for the benefit of the town of Le Roy.

As to the remainder of the tax assessed in the

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

town of Le Roy, the complainants must be discharged from the payment thereof, by reason of the errors or mistakes of the assessors of that town, in the principles of the assessment adopted by them.

If the parties cannot agree upon the amount of the tax payable by the complainants to each of said counties, and upon the amount of the debt for the unsold lands, assessed in the town of Le Roy, it must be referred to a master to ascertain the amount of taxes and of such debt.

The complainants must pay costs to Erie county; but as Genesee county was partly right and partly wrong in their grounds of defence, neither the complainants nor Genesee county shall be entitled to costs as against the other.

I have given an opinion, supposing that no further proceedings were necessary in this court, and that no proofs were requisite for either party.

The opinion is given with the purpose of notifying all parties of my views of the application of the provisions of the law of April 27, 1833, to the facts as presented by the pleadings in this cause. If they are acquiesced in, nothing further will probably be required to be done. If not, a decree will be drawn up and settled in conformity with such opinion upon the application of either party.