CHARLES DORN, Appellant, v. MENZO FOX, Collector, etc., impleaded, etc., Respondent.

Where an occupied farm lying partly in each of two adjoining towns is assessed and taxed in both towns, and warrants for the collection of the taxes are placed in the hands of the respective town collectors, an action in the nature of a bill of interpleader may be maintained by the owner and occupant against the two collectors for the purpose of determining in which town his farm is properly taxed.

It is not necessary to the maintenance of such an action that there should be a legal doubt as to plaintiff's rights; he may show that by reason of the conflicting claims his property is in danger of being sacrificed, and he has an equitable right to relief from the illegal assessment.

A judgment, therefore, in such an action is proper, directing the amount of the unlawful tax to be paid by plaintiff to the collector entitled to receive the same, restraining the other collector from further proceedings, and declaring the unauthorized tax and the warrant for its collection illegal and void.

In an action brought in such a case in 1870, *held*, that there was at that time ·a sufficient doubt upon the question as to the effect of a decision of assessors that facts exist giving them jurisdiction to author-ize the maintenance of the action as one of strict interpleader.

*Dorn* v. *Fox* (6 Lans., 162) reversed.

(Argued May 28, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered on the report of a referee. (Reported below, 6 Lans., 162.)

This action was brought to compel the collectors of the towns of Ava and Boonville, in Oneida county, to inter-plead, each of said collectors having a tax on his tax list, and a warrant against the plaintiff, who owned a farm lying partly in each of said towns.

The complaint stated, in substance, that, prior to and dur-ing the year 1869, the plaintiff was the owner and occupant of 400 acres of land, occupied by him as an entire farm, which was partly situated in Ava and partly in Boonville, no portion of it being unoccupied. Prior to April 30, 1862, he resided on that part of the farm lying in Ava; since that time he has resided on that portion of his land situated in Boonville. In the year 1869, the assessors of the town of Ava assessed the plaintiff for the whole value of his farm, though he presented the requisite affidavit that his residence was not in the town. This assessment was delivered to the board of supervisors of the county, who issued a warrant for the collection of his tax, amounting to forty-one dollars and eighty-five cents. The warrant was thereupon delivered to the defendant, Fox, collector of the town of Ava, who, in that character, claims payment of such tax and his fees, and is about to proceed to enforce such payment by levy and sale of the plaintiff's property. In the same year the assessors of the town of Boonville assessed the plaintiff for the same property, on the ground that his residence was in that town, whereupon similar proceedings on the part of the officers took place as in the town of Ava,

for the collection of a tax amounting to the sum of sixty-one dollars. Each of these are the annual tax for the farm of the plaintiff for the year 1869. The complaint further set forth that the plaintiff was ignorant of the respective rights of the defendants as collectors, and that he was willing to pay the tax to either of the defendants, as the court might direct, and offered to pay the money into court. There was also an allegation that the action was not brought by collusion with either of the defendants.

On this state of facts the plaintiff prayed for an injunction restraining the defendants from taking any proceedings in relation to the tax or its collection, and for a direction that the defendants should interplead.

The referee found the facts substantially as set forth in the complaint, except as to the plaintiff's ignorance of the rights of the collectors, as to which there was no finding, and decided, as matter of law, that the plaintiff has no cause of action against the defendant Graff, collector of the town of Boonville, but that the defendant Fox, collector of the town of Ava, should be restrained from enforcing the collection of the tax under his warrant.

Judgment was entered on the report of the referee accordingly, awarding a perpetual injunction, and declaring the said tax and the warrant last mentioned void and of no effect against the plaintiff or his property.

*Nicholas E. Kernan* for the appellant. A bill of interpleader was proper in this case. (*Thomson* v. *Ebbets*, 1 Hopk. Ch., 272, 273; *Mygatt* v. *Washburn*, 15 N. Y., 319; 4 Paige, 392; 1 Cow., 692, 703.) It was error to treat the complaint as a strict bill of interpleader. (*M. and H. R. R. Co.* v. *Clute*, 4 Paige, 384–396.) Plaintiff was only taxable in Boonville. (*Prosser* v. *Secor*, 6 Barb., 607; *Bailey* v. *Buell*, 59 id., 158; *People* v. *Suprs. Chen. Co.*, 1 Kern., 563; *Mygatt* v. *Washburn*, 15 N. Y., 316; *Nat. Bk. of Chem.* v. *City of Elmira*, 53 id., 49–59; *Barhyte* v. *Sheppard*, 35 id., 238.)

*C. D. Adams* for the respondent. The action, as brought for interpleader, would not lie. (4 Paige, 384; 1 Clarke, 42.) Assessors are public officers of the State. (1 Kern., 392; 21 N. Y., 82.) Their determinations can only be reviewed in a direct proceeding for that purpose, and not collaterally. (6 J. Ch., 28; 3 Den., 117; 24 Barb., 419; 35 N. Y., 238; 4 Abb. [N. S.], 469; *Bk. of Comm.* v. *Mayor of N. Y.*, Ct. App., Jan., 1871.) The assessors had jurisdiction in this case. (24 Barb., 419; 35 N. Y., 238; 48 id., 93.) The collector cannot be sued to try, collaterally, the regularity or validity of the assessment. (*Westfall* v. *Gere*, 3 Lans., 151; 48 N. Y., 93.) An injunction would not lie to restrain an alleged or erroneous or illegal assessment. (6 J. Ch., 28; 26 Wend., 132; 14 N. Y., 534; 25 id., 312; 37 id., 511–513; 40 id., 154; 2 Abb. [N. S.], 233; 4 id., 469; 8 id., 277.) Where there is an adequate remedy at law there is no jurisdiction in equity. (2 Story's Eq. Jur., § 807; Willard's Eq. Jur., 314; 5 J. Ch., 28; 3 Keyes, 182.)

Dwight, C. The defendant claims that a bill of interpleader will not lie in the present case, on two grounds. One is, that the plaintiff was not ignorant of his rights; and another, that, on the merits of his case, he has no right of action.

It is only necessary to consider whether a bill of interpleader will lie as against the two collectors, to establish his rights. That the assessors of the town of Ava have violated them has already been affirmed in a case decided at the present term of this court. (*Dorn* v. *Backer, ante,* p. 261.) It is now settled law that assessors act at their peril in determining a jurisdictional fact. By finding that the plaintiff resides in Ava they gain no control over the subject, unless he does, in fact, reside there. When that point is in dispute, it must ultimately be decided by the courts. The referee has found, as a fact, in the present case, on undisputed evidence, that the plaintiff, when the tax was levied, resided in Boonville. The assessors of the town of Ava, therefore, had no power to assess a tax

over the plaintiff's farm, and their proceeding was wholly void.

The action of interpleader was well brought. The authorities upon this subject distinguish between a strict bill of interpleader and a bill in the nature of an interpleader. These are governed by rules differing to some extent. In a strict bill of interpleader the following ingredients are necessary: 1. Two or more persons must have preferred a claim against the plaintiff. 2. They must claim the same thing, whether it be a debt or duty. 3. The plaintiff must have no beneficial interest in the thing claimed. 4. It must appear that he cannot determine, without hazard to himself, to which of the defendants the thing, of right, belongs. There must also be an offer to bring the money or thing in dispute into court.

In the bill, " in the nature of an interpleader," the same strictness is not required. Other elements of an equitable nature may enter into the case, and the jurisdiction of the court may be derived from these. The distinction is well pointed out in *Mohawk and Hudson Railroad* v. *Clute* (4 Paige, 385, 392, 393). The present action was brought upon the theory of a strict bill of interpleader. There was an allegation in the complaint that the plaintiff was ignorant of the respective rights of the collectors. This statement was denied in the answer, and the referee made no finding upon the subject. Such ignorance must be shown, or, at least, it must appear that there is some doubt to which of such claimants the debt or duty belongs, so that he cannot safely pay or render it to one without some risk of subsequently being made liable for the same debt or duty to the other. (*Mohawk and Hudson R. R.* v. *Clute, supra.*)

I think that, as matter of law, there was sufficient doubt upon this question, when the action was commenced, to bring it within the rule. At that time, according to the test suggested in *Mohawk and Hudson Railroad* v. *Clute* (*supra*, p. 392), the plaintiff could not have safely rendered the tax to one of the collectors without some risk of subsequently

being made liable to pay the tax to the other. It is true that the amount of the tax was not the same in the two towns. In one of them it was forty-one dollars and eighty-five cents, and in the other sixty-one dollars. The duty is, however, the same, as it grows out of the statutory power of assessors to levy taxes. The same fact existed in the case just cited; and the court presumed that the plaintiff had paid into court the largest sum assessed upon him, so as not to violate the settled rule in this class of cases, that he cannot litigate any part of the claim of either defendant. (P. 391.) To show that the authority of assessors to decide a jurisdictional fact was not fully settled when this action was brought, reference may be made to the following cases: *Weaver* v. *Devendorf* (3 Denio, 117); *Smith* v. *Brown* (24 Barb., 419); *Barhyte* v. *Shepherd* (35 N. Y., 238), and *Dorn* v. *Backer* (*supra*). In this last case the General Term of the fourth department — Justice Johnson delivering an elaborate opinion — held, in 1872, upon this very question now under consideration, that the action of the assessors of the town of Ava was final. He distinguished the case from that of *The People* v. *Supervisors of Chenango* (11 N. Y., 563) and *Mygatt* v. *Washburn* (15 id., 316). His view was, that as the assessors had jurisdiction over the subject-matter (a large portion of the farm lying in that town), and that as they were called in the discharge of their duty to decide the fact of Dorn's residence, they were not liable to an action for a redress of any injury occasioned by their error of judgment. On the other hand, he claimed that, in *Mygatt* v. *Washburn*, the person who was assessed was in fact a nonresident; and, therefore, the assessors acted wholly without jurisdiction. Though this distinction is now untenable, it could not be considered as clearly so when this action was brought in 1870, since it was maintained by persons of so much judicial experience and ability as Judges J. A. Johnson, Talcott and Mullin, and had not then been passed upon and discarded by the appellate court. The rule requiring that, in actions of interpleader, the plaintiff should be in

doubt as to which of the claimants is in the right, must be construed in a reasonable manner. It of course excludes all cases where the rights of parties are clearly settled. On the other hand, so long as a principle is still under discussion, and the appellate branch of the Supreme Court has reached conflicting opinions, it would seem fair to hold that there was sufficient doubt and hazard to justify the protection which is afforded by the beneficent action of interpleader.

If, however, I am wrong in this view of the case, there is sufficient authority for holding that the plaintiff may sustain his action as a " bill in the nature of an interpleader." There are sufficient allegations in the complaint for that purpose. The plaintiff in that action does not simply claim that he is a stockholder, or that he owes a duty to one of two distinct claimants. He may show, in such a case as is now under discussion, that, by reason of conflicting claims, his property is in danger of being sacrificed. He may insist that he has an equitable right to have relief from the effects on his property of an illegal assessment. If the statute makes the tax a lien on his land, he may urge that it is a cloud on his title. If it be personal property, he may assert that it is in danger from the rival claims of the collectors. Assuming that the warrants are regular in point of form, each collector would be protected as to his acts done under them. Should it be said that the plaintiff may sue the assessor for his wrongful act, the answer is that the law does not confine him to so uncertain a remedy. Complete justice is done by bringing both claimants before the court, ordering the amount of the lawful tax to be paid over to the party who turns out to be in the right, restraining the rival collector from further proceedings, and declaring the unauthorized tax, as well as the warrant for its collection, illegal and void. These propositions are clearly supported by the case of *Redfield* v. *The Supervisors* (1 Clarke, 42; affirmed by the chancellor, 3 Ch. Dec., 92). In this case, a person having been taxed in two different places for what was claimed to be the same property, filed a bill of interpleader to compel a settle-

ment of the right of taxation as between the parties assuming it. It was filed against the supervisors of two counties, the constituted authorities for the levying of the tax, before they had issued their warrants for its collection. In this respect the case differed from that of *Mohawk and Hudson R. R. Co.* v. *Clute (supra),* and *Thomson* v. *Ebbets* (1 Hopk., 272), since, in those cases, the bill was filed against the collectors after the assessment rolls had been placed in their hands. The court held that this difference had no effect on the principle. The court then proceeded to consider the case, and on an examination of it held that the bill could not be sustained as a *strict* bill of interpleader for two reasons: 1st, that the contesting towns in the respective counties did not happen to claim the very same matter or thing; 2d, that there was no legal doubt as to the party who was in the right. Having disposed of the cases in that aspect, the court proceeded to inquire whether the bill could not be upheld as being in the nature of an interpleader and for relief? The relief was protection against an illegal assessment, or one proceeding on mistaken principles. In considering the case from this point of view, the court decreed that the complainants should pay such taxes as were found to have been properly assessed, and as to the residue, directed that the "complainants be discharged from the payment thereof by reason of the errors or mistakes of the assessors of that town" (Le Roy), "in the principles of the assessment adopted by them." The first paragraph of the reporter's syllabus in this case is not strictly accurate. It would lead to the conclusion that an element of doubt was deemed to be requisite in a "bill in the nature of an interpleader." An examination of the report will, however, show that this is not so (see p. 48), and that the court, after deciding that there was no doubt in the case, maintained the bill on "other equitable grounds." The court said : "The complainants, from their own showing in this case, have satisfied me that the towns in Erie and Genesee, exclusive of Le Roy, are entitled to the tax claimed by them, and they ought not to be subjected to the delay and expense

of a chancery suit before they can be permitted to receive what is their just due. But in this case there are other grounds of equitable jurisdiction, as the complainants claim protection against illegal assessments."

The same general doctrine is deducible from *Mohawk and Hudson R. R. Co.* v. *Clute, etc.*, before cited. That was also an action of interpleader brought by a party taxed in two different towns for the same property, which was only liable to be taxed once. The court held that the only ground on which the court assumes jurisdiction in a strict bill of interpleader is the danger of injury to the plaintiff from the doubtful rights and conflicting claims of the several defendants as between themselves. The plaintiff must accordingly state his own situation in reference to the fund in question, or as to the duty to be performed, and the nature of the claim of the defendants; and if, on this showing, there can be no doubt, the party who is entitled to the debt is not to be subjected to the delay and expense of a chancery suit. On the other hand, where there are other grounds of equitable relief, he may file a bill in the nature of an interpleader against both of the claimants. See also *Thomson* v. *Ebbets* (Hopk., 272), where an action was brought by a tax-payer to compel the collectors of different towns in which the plaintiff was taxed for the same property to interplead.

On the whole, the result is that the present action may be supported either as a strict action of interpleader or as one in the nature of an interpleader; and the plaintiff, having offered to pay the money into court, was entitled to relief in accordance with his proof. The testimony having clearly shown that his residence was in Boonville, he was rightfully taxed there, and the assessment in Ava was illegal and void.

The regular course in the present case, considered as a strict bill of interpleader, would seem to have been not to have dismissed the action as against the collector of the town of Boonville, but to have entered judgment in his favor for the amount of the tax. The bill should pray that the defend-

ants may interplead, so that the court may adjudge to whom the money or property belongs. (2 Barb. Ch. Pr., 122 ; *Redfield* v. *Supervisors, supra,* 49.) All the parties were before the court, and the cause was heard on its merits, and the whole subject should have been disposed of according to the equities of the case. The successful contestant thus has the benefit of a judgment, and may receive his lawful dues by force of it. On any other theory, there appears to be no· reason for requiring, on the part of the plaintiff, an offer to pay the money into court. That would indeed be an idle ceremony if the plaintiff is not to pay it over to the party who is found to be entitled to it. And yet it is a condition precedent to relief that the money should be brought in. (2 Barb. Ch. Pr., 122, and cases.) This view is not in opposition to the result in *Mohawk R. R. Co.* v. *Clute,* since in that case there was no decision at the hearing, but only upon an order to show cause. That part of the judgment in the present action which dismissed it as against the collector of Boonville was, however, not appealed from, and there appears to be nothing to prevent the collector of that town from enforcing the tax in such manner as he may be advised.

The judgment of the General Term should be reversed, and that entered on the report of the referee should be affirmed.

All concur.

Judgment accordingly.