THEODORE P. BALLOU, Appellant, *v.* MAURICE E. JONES
and EMMA A. JONES, Respondents.

*Fraudulent conveyance — what must be done by creditor before he can attack it —
Non-resident debtor.*

Where an action is brought against a debtor of the plaintiff and one to whom
such debtor has fraudulently conveyed certain real estate, while so indebted,
to set aside such conveyance and to satisfy plaintiff's claim from the proceeds
arising upon the sale thereof, it must be alleged in the complaint and proved
upon the trial, that plaintiff has recovered a judgment against the debtor and
has exhausted all available legal remedies against him.

It is not sufficient to show that the debtor is a non-resident of this State and has
no property herein, so long as it appears that he is living in another State, and
may be proceeded against by the ordinary forms of law existing therein.

Appeal from a judgment in favor of the defendant Emma A.
Jones, entered upon an order sustaining a demurrer to the complaint.

*Richardson & Adams*, for the appellant.

*S. E. Day*, for the respondents.

Talcott, J.:

This is an appeal from an order made at the Cayuga Special Term
ordering a judgment in favor of the defendant, Emma Jones, on
her demurrer to the complaint.

The complaint alleges, in substance, an indebtedness of Maurice
E. Jones to the plaintiff, upon a covenant made by said Maurice
to the plaintiff in 1874. That Maurice E. Jones owned 234 acres
of land in Herkimer county worth about $1,500, and in July, 1876,
exchanged the said 234 acres with one Parker for a house and lot
in Cayuga county worth about the same amount. That it was
agreed between said Maurice E. Jones and Parker that in considera-
tion of the conveyance of the 234 acres, said Parker and wife should
convey the house and lot in Cayuga county to Emma Jones, the
sister of said Maurice E., and it was so conveyed. That said Emma
did not pay or secure any part of the consideration but the same

was wholly paid by said Maurice. That the conveyance to Emma was fraudulent as against the plaintiff and that a trust was thereby created and resulted in favor of the plaintiff as such creditor, to the extent necessary to satisfy his just demands. That the defendants are not residents of this State, but that Maurice resides in Pittsfield, in Massachusetts, or in Nebraska, and the defendant Emma resides in Pittsfield in Massachusetts. That neither of them has or owns any other property in this State, and that no process of any court in this State can be personally served upon either of them. That Maurice E. Jones has no property in this State out of which a judgment can be collected, *wherefore* the plaintiff has no available remedy for the relief sought in this action.

The complaint then demands the relief that he recover judgment against the said Maurice E. Jones for the amount due on the said covenant with costs of the action.

Secondly. That the house and lot in Cayuga county be sold under the direction of the court and the proceeds, so far as may be necessary, be applied to the payment of the amount due the plaintiff. The defendant Emma A. Jones demurred to the complaint assigning as causes of demurrer :

First. That several causes of action were improperly united.

Second. That the complaint does not state facts sufficient to constitute a cause of action against her.

In the case of *Estes* v. *Wilcox* (67 N. Y., 264), the Court of Appeals reversed the judgment of this department, sustaining a demurrer to a complaint alleging that one Joshua Whipple, in his lifetime, caused certain real estate, which had been purchased and paid for by him, to be conveyed to Ruth D. Wilcox, for the purpose of hindering, delaying and defrauding the creditors of the said Whipple ; that, at the time of the said conveyance, Whipple was indebted to the plaintiff, and that Whipple had died insolvent before the commencement of the suit, and asking that the said real estate be sold for the payment of the debt so due to the plaintiff. The defendant, Ruth D. Wilcox, demurred to the complaint, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

In the case at bar, the said Maurice E. Jones is living, and there is no averment of his insolvency. No judgment has been recovered

against him for the plaintiff's demand, but the plaintiff seeks to excuse the want of such judgment by the averment that Maurice E. Jones is a non-resident of this State, so that process cannot be personally served upon him, and that he has no property in this State subject to execution.

The Court of Appeals say, in *Estes* v. *Wilcox* (*supra*), that " the reason of the rule that the creditor's debt must be ascertained by judgment before proceeding in equity, does not fail by the death of the debtor before judgment recovered for the debt. The creditor may prosecute the claim to judgment against the personal representatives of the debtor ; and, although it would not be conclusive against his heirs or his grantees, by title acquired before his death, or in this case against the defendants, it would conclude the creditor as to the amount of his debt. In a suit against the personal representatives of the debtor to recover it, any defense which the debtor himself had could be interposed, and the claims would be subject to set-off or the plea of the statute of limitations, or to any defense existing when the action was brought. These questions would be settled, as between the creditor and the estate, by the judgment in the creditor's action against the representatives. It is convenient and reasonable to require this to be done before subjecting third persons to litigation with the plaintiff, who may never be able to establish any claim against the estate." (See, also, to the same effect, *Allyn* v. *Thurston*, 53 N. Y., 622.)

All available legal remedies must be first exhausted against the debtor before a creditor can come into equity to enforce the collection of his debt from the property of a third person. A judgment recovered against Maurice E. Jones in Massachusetts, the place of his residence, and an execution returned unsatisfied thereon, would be sufficient evidence of the exhaustion of legal remedies against the debtor. (*McCartney* v. *Bostwick*, 32 N. Y., 53.) Moreover, such judgment would probably be conclusive against the defendant Emma, in the absence of fraud or collusion.

We think the fact that a debtor is a non-resident, and has no property within the State, does not show that all legal remedies against him have been exhausted — where he is living, and presumptively solvent, and may be proceeded against by the ordinary forms of law in a sister State, where he resides — and that the

demurrer was properly sustained on the authority of *Allyn* v. *Thurston* and *Estes* v. *Wilcox* (*supra*).

Judgment should be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed, with costs.