MARY J. ADSIT, RESPONDENT, v. CYNTHIA W. SANFORD, APPELLANT.

*Action by a judgment creditor, to set aside a conveyance of real estate as fraudulent —the complaint must allege the issue and return of an execution—allegations of defendant's insolvency, not sufficient.*

In an action brought by a judgment creditor, against one to whom the debtor had conveyed a portion of his real estate, to procure a judgment setting aside the conveyance as fraudulent and void, declaring the judgment a lien upon the premises conveyed, and appointing a receiver to sell the same, the complaint must allege that an execution has been issued upon the judgment and returned unsatisfied in whole or in part. It is not sufficient to allege the death of the judgment debtor, and that from the time of the entry of the judgment until his death he was wholly insolvent, and had neither real nor personal property from which any part of the judgment could be collected.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

The complaint alleged that upon the foreclosure of a mortgage, given by one Enoch H. Rosekrans to the plaintiff in 1872, the latter recovered a personal judgment against said Rosekrans for a deficiency arising upon a sale; that a similar judgment recovered by one

Arunah M. Adsit was thereafter assigned to the plaintiff, and that no part of either judgment has been paid; that during all the time mentioned Rosekrans resided in Glen's Falls, Warren county, where he died in May, 1877; that at the time of his death Rosekrans was insolvent, to the knowledge of the defendant, who is his daughter, and that no proceedings for the appointment of personal representatives have ever been had, and that no such representatives have ever been appointed; that on the day of the execution of the bonds and mortgages referred to, Enoch H. Rosekrans was the owner in fee of other valuable real estate, situated in the county of Essex, N. Y., particularly described in the complaint; that on September 25, 1873, he conveyed the said lands to one William Blackmore; that such conveyance to Blackmore was made without consideration, and with intent to hinder, delay and defraud the creditors of Rosekrans, and especially this plaintiff and the said Arunah M. Adsit; that Blackmore was an alien and never took any steps to become a citizen; that the conveyance to him "was one of the steps in execution of a plan or scheme to keep the said real estate out of the reach of the creditors of said Rosekrans, and to hinder and delay the said creditors, and finally to transfer the same to this defendant; that this defendant was a party to such scheme, and well knew all and singular the facts and circumstances above referred to, and aided in such scheme;" that Blackmore paid nothing for the conveyance to him, and that the defendant never paid anything for the conveyance afterwards made to her by Blackmore; that Blackmore is not a resident within the United States; that plaintiff has no knowledge or information that he is living; that she has made inquiry, and can only learn that he is understood to have returned to the city of London; that in January, 1875, Rosekrans, in pursuance of the alleged scheme, procured Blackmore to convey to the defendant the lands in Essex county, conveyed by him to Blackmore, and that such conveyance was made to hinder, delay and defraud creditors, and especially this plaintiff; that at the time of the conveyance to Blackmore, said Rosekrans was embarrassed financially, and unable to meet his obligations, and was insolvent; that at the time of the recovery of the judgments by plaintiff and A. M. Adsit and the filing of tran-

scripts, " Rosekrans had no personal property whatever out of which the said judgments, or any part of them, could be made or collected; that all his real estate, the title to which remained in him, was incumbered to its full value, or more, so that no part of said judgments could be made out of such real estate, and that said Rosekrans was then insolvent."

To this complaint the defendant demurred on two grounds.

*First*—That there was a defect of parties defendant in this; that the personal representations of Enoch H. Rosekrans, deceased, and William Blackmore are not made parties defendant in said action; and

*Second*—That the said complaint did not state facts sufficient to constitute a cause of action.

*Starr & Ruggles*, for the appellant.

*U. G. Paris*, for the respondent.

LANDON, J. :

The sole point urged by the defendant upon our consideration is, that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it fails to allege that an execution upon the judgment was ever issued and returned wholly or in part unsatisfied. The plaintiff concedes that if this were a creditor's bill seeking the discovery and application of personal property or things in action, held by some third person for the benefit of the judgment debtor, it would be necessary to allege the issue and return of an execution; for the statute required it. (2 R. S., 174, § 38.) But by this action the plaintiff seeks to invoke the equitable interposition of the court to relieve the plaintiff from the hindrance and injury which the fraudulent conveyance of the judgment debtor occasions, thus presenting a subject of equitable jurisdiction, untouched by the statute in question. (*Chautauque Co. Bank* v. *White*, 6 N. Y., 236.) And the plaintiff further urges, that since the complaint alleges, and the demurrer concedes that the judgment debtor, since the entry of the judgment, and until his death, was wholly insolvent, having neither real nor personal property from which any part of the judgment could be collected,

the law, which does not require performance of vain and useless acts, does not require the performance of this particular vain and useless formality. Cogent as this reasoning appears, the law, nevertheless, is that the execution must have been issued, and the complaint is defective in not alleging it. In *Ocean Bank* v. *Olcott* (46 N. Y., 12), the plaintiff sought to establish a lien upon land paid for by the debtor, but the conveyance for which was taken in the name of his wife. Clearly this was not a creditor's bill under the statute in question. The court held that the plaintiff, in order to recover, must have both judgment and execution. CHURCH, Ch. J., in delivering the opinion of the court, says : "All available legal remedies (must) be resorted to as a preliminary requisite to an action for the application of the trust property ;" and then adds, "It is difficult to perceive any distinction or any reason for it, between the rights of creditors as to property fraudulently transferred by the debtor himself, and property paid for by him and transferred to a third person," and he concludes that the creditors of the latter must resort to all the preliminaries required of the former. In *Allyn* v. *Thurston* (53 N. Y., 622), the plaintiff was a judgment creditor of Willetts and Thurston, both of whom were insolvent. Thurston had paid for real estate, and the conveyance was taken in the name of his wife. No execution was issued. The plaintiff sought to have a trust declared in his favor, and his judgment satisfied by a sale of the land. The court, on the authority of *Ocean Bank* v. *Olcott*, held that the complaint did not state a cause of action. We have been shown a copy of the appeal book, containing the opinion of the General Term. That court held that it was only necessary for the plaintiff to establish his debt by a judgment. In *Estes* v. *Wilcox* (67 N. Y., 264), the plaintiff was the creditor of one Whipple, who died intestate, leaving assets enough to pay only $40\frac{1}{10}$ cents on the dollar of his indebtedness. In his life-time he paid the purchase price of certain real estate, the deed for which was taken in the name of the defendant. Upon demurrer to the complaint the Special Term, as appears from the appeal book, sought to distinguish the case from *Ocean Bank* v. *Olcott*, and remarked : "It is admitted by the demurrer that there is no legal remedy available to the plaintiff in

respect to $50\frac{9}{10}$ of his debt uncollected out of the assets of the deceased debtor." But the Court of Appeals held the complaint defective. (See also *Geery* v. *Geery*, 63 N. Y., 252.) The plaintiff is mistaken in supposing that the sole reason for requiring judgment and execution issued and returned in the statutory creditors' bills is because the statute requires it. Long before the statute, creditors' bills were a familiar subject of chancery jurisdiction, and the rule was inflexible that before resort could be had to equity, the creditor must obtain judgment and issue execution, and if he desired to apply to the satisfaction of his judgment any property, other than that upon which his judgment or execution was a specific lien, he must have had his execution returned. The statute was enacted principally to remove a doubt which had been started by the case of *Donovan* v. *Finn* (1 Hopk., 59), (at variance with previous cases), whether the creditor could reach assets held by a third person for the debtor, when the transaction was entirely free from fraud. (See revisers' notes, 5 Edm. Stat., 405; *Dunlevy* v. *Tallmadge*, 32 N. Y., 457.) Whether, therefore, the case is strictly a creditor's bill, or "in the nature of one," as the phrase of the books is when speaking either of fraudulent conveyances or resulting trusts, it is equally imperative that the creditor should have actually resorted to and exhausted the ordinary legal remedies before equity will entertain jurisdiction. It will not answer to substitute for execution an excuse for not issuing it, unless that excuse asserts the impossibility, not the impracticability, not the inconvenience, not the uselessness of issuing it. It must be legally shown that the debt cannot be collected at law, and the best evidence of that is the effort, and its failure. If execution cannot be issued in this State, it will suffice if issued in the State of. the debtor's residence. (*McCartney* v. *Bostwick*, 32 N. Y., 53.) If the debtor's property is in the hands of a receiver appointed by the court, so that levy cannot be made, levy is excused. (*Stewart* v. *Beale*, 7 Hun, 405.) The case of *Loomis* v. *Tifft* (16 Barb., 541), cited by the plaintiff, is regarded by this court as overruled. (*Evans* v. *Hill*, 18 Hun, 465.) The judgment of the Special Term, overruling the demurrer, must be reversed, and the defendant must.

have judgment allowing the demurrer, with costs of this court, and of the court below.

LEARNED, P. J., concurred; BOCKES, J., taking no part.

Judgment interlocutory reversed, and judgment for defendant on demurrer, with costs of this court and of court below.