### GROSVENOR *v.* SICKLE.

*(Supreme Court, General Term, First Department. January 23, 1888.)*

ATTACHMENT—FRAUDULENT TRANSFER BY DEBTOR—SUFFICIENCY OF AFFIDAVIT.

    An attachment issued on an affidavit alleging that defendant, in order to induce plaintiff to sell him goods on credit, made certain representations to plaintiff, who, relying thereon, sold and delivered the goods, and that, two days after plaintiff's claim became due, defendant assigned all his property without consideration,

should be vacated, there being no allegation or proof that the transfer was fraud-
ulent; and it is immaterial that the affidavit further alleges that the debt to plain-
tiff was fraudulently contracted.[1]

Appeal from special term.

Warrant of attachment issued on affidavit of James B. M. Grosvenor against
Isaac Sickle. Defendant's motion to vacate the warrant denied, and he ap-
peals.

*A. Blumenstiel*, for appellant.   *Albertus Perry*, for respondent.

PER CURIAM.   The motion was made upon the papers upon which the war-
rant was granted.   The affidavit, after setting up the grounds upon which
the cause of action arose, alleges that the defendant has assigned and disposed
of his property with intent to defraud his creditors, as the affiant is informed
and verily believes; and that the grounds of such belief were that in June,
1887, in order to induce the plaintiff to sell the defendant goods upon credit,
he made certain representations to the plaintiff, who, relying upon such state-
ments, sold and delivered the goods, and that, two days after the plaintiff's
claims became due, the defendant assigned and transferred all his property, of
every name and nature, without any consideration therefor.   The affiant fur-
ther states that he is informed that the statements and representations made
to the plaintiffs by the defendant as aforesaid were false and fraudulent.   The
affiant further states that the defendant had been engaged in business as a
merchant in the city of New York; and that, since he purchased the goods
from plaintiff, he had continued to purchase goods upon credit from different
merchants of the city of New York, up to a few days since, and has made
such purchases upon credit to a large amount, and that the defendant claims
that he is now indebted to a large amount, although he has not apparently
met with any pecuniary reverses since the purchase of said goods from the
plaintiff as aforesaid.   Upon this affidavit the attachment was issued, and a
motion was made to discharge the same, which was denied.   The ground
upon which the attachment was issued, appears to have been that the allega-
tion that the defendant had assigned and transferred all his goods without
actual consideration, raised the presumption that such transfer was made
with intent to defraud his creditors, and that there was no reason why it
should be assumed that this transfer was a general assignment in trust for
his creditors, and that if it was of that character the defendant should say so.
In this consideration of the affidavit in question, it would appear that the
learned judge lost sight of the maxim that, if an act is susceptible of an inno-
cent construction as well as of a fraudulent one, courts are bound to place an
innocent construction upon the act, rather than to assume it to have been
done with a fraudulent intent.   Therefore, when the simple allegation is that
the defendant has transferred his property without actual consideration, if he
could make such a transfer without committing a fraud, in the absence of any
further proof, we must necessarily assume that such was the nature of the
transfer.   If this is not the rule, then an attachment may issue, in the first in-
stance, in every case in which an assignment for the benefit of creditors is
made; and certainly such was not the intention of the statute.   There seems
to be no evidence sufficient to justify the court in finding that the defendant
had or is about to dispose of or secrete his property with intent to defraud his
creditors.   The allegations in regard to the fraudulent contraction of the debt
can have no weight in the consideration of this question, because they are
entirely immaterial in the matters to be established in order to entitle the plain-

[1] Fraud will not be presumed where the facts are consistent with honesty of purpose,
Clemens v. Brillhart, (Neb.) 22 N. W. Rep. 779; but must be established by evidence,
Hodges v. Lassiter, (N. C.) 2 S. E. Rep. 923, and note.   For a full discussion of fraud
and fraudulent intent, evidence of fraud, presumptions, burden of proof, etc., see Knight
v. Kidder, (Me.) 1 Atl. Rep. 142, and note.

tiff to an attachment. There being nothing whatever in this case to show that this transfer was fraudulent as against the creditors of the defendant, the motion to set aside the attachment should have been granted. The order appealed from must be reversed, and the motion granted, with $10 costs and disbursements.