FRIEDMANN *v.* PLATT *et al.*

(*Supreme Court, General Term, First Department.* January 28, 1889.)

INTERPLEADER—WHEN GRANTED.

> Defendants became custodians of a certain sum of money, which they were directed to pay to one R. in case the title to certain realty held by R. under a contract of purchase which had been assigned to plaintiff should prove perfect; otherwise the money was to be paid to plaintiff. On a dispute arising as to whether a perfect title had been tendered, both R. and plaintiff demanded the money, and plaintiff brought suit therefor. Defendants alleged that they understood that the money belonged to R., being paid to her by plaintiff on the assignment of the contract, and being left with defendants at plaintiff's request, to secure him in case the title proved defective. *Held,* that an order substituting R. in place of defendants was properly granted, there being no evidence of collusion between defendants and R.

Appeal from special term, New York county.

Action by Christian G. Friedmann against James N. Platt and others. On defendants' motion one Rachel Rosenberg was substituted as defendant. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Christian G. Moritz,* for appellant. *Platt & Bowers,* (*John M. Bowers,* of counsel,) for respondents.

BARTLETT, J. There is absolutely no merit in this appeal. The defendants are attorneys and counselors at law. They became the custodians of $2,000, which they were directed to pay to one Rachel Rosenberg if the title to certain real estate held by her under a contract of purchase, which contract had been assigned to the plaintiff, should prove to be perfect, according to the terms of such contract; but, if the title was not perfect, then the said sum of $2,000 was to be paid to the plaintiff or his assigns. A dispute arose as to whether a good title under this contract had been tendered or not, and the money was demanded of the defendants by Mrs. Rosenberg on the one hand, and by the plaintiff on the other. The plaintiff thereupon brought suit against defendants to recover the $2,000, and the defendants, who make no claim to the money, moved for an order of interpleader substituting Mrs. Rosenberg in their place, which was granted. There is some dispute upon the motion papers as to whether the sum of $2,000 was deposited with the defendants by Mrs. Rosenberg or by the plaintiff. That the money was paid by the check of the plaintiff, there is no doubt; but the defendants allege that they understood that the money belonged to Mrs. Rosenberg, being paid to her by the plaintiff upon the assignment of her contract, and being left by her with the defendants at the request of the plaintiff, in order to secure him in the event of the title proving defective. I think that such was the real character of the transaction. The defendants stood indifferent as between both claimants to the fund. There was no evidence which would have justified the court in holding that there was any collusion between the defendants and Mrs. Rosenberg. The order of interpleader was properly granted, and should be affirmed, with costs and disbursements. All concur.