### FLANERY v. EMIGRANT INDUSTRIAL SAV. BANK.

(*Common Pleas of New York City and County, Special Term.* May 15, 1889.)

INTERPLEADER—BANK DEPOSITS.

In an action against a bank for certain moneys of which plaintiff claims to have been the actual depositor, where such deposits were made by and in the name of a third person, in whose name the bank-book was also issued, and whose personal representative claims the fund, and plaintiff ostensibly appears to be a stranger to the contract between such depositor and the bank, defendant's motion for interpleader will be granted, though plaintiff will be thereby precluded from introducing evidence which she might have used in the action against the bank.

At chambers.

Action by Mary Ann Flanery against the Emigrant Industrial Savings Bank to recover moneys deposited by one Margaret Kilfoyle, deceased, and now claimed by Patrick Kilfoyle, her administrator. Defendant moves for an interpleader.

*Hart & Price,* for plaintiff. *Richard O'Gorman, Jr.,* for defendant.

DALY, J. The application of the bank to interplead the administrator of Margaret Kilfoyle, deceased, as defendant, should be granted. The deposit was made in the name of the deceased, and the bank-book was issued in that name. The plaintiff, ostensibly a stranger to the contract between the depositor and the bank, has brought this action, claiming to be the actual depositor. In such a case the bank should be relieved and the rival claimants compelled to litigate the title to the deposit between themselves.

The fact that the plaintiff in an action against the bank could give evidence of personal transactions with the deceased, which she would not be permitted to testify to as against the administrator, is no ground for refusing the interpleader. The hardship would be suffered by the bank if the motion were denied, and it were sued by the administrator, and as between the bank and this plaintiff the former is the innocent party and should not suffer. Motion granted.