THE UNITED STATES LAND AND INVESTMENT COMPANY,
Appellant, *v.* WILLIAM G. BUSSEY, Respondent.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Interpleader.   Laches.*—An application for an order of interpleader, where
a party delays making his motion from January to June without
reasonable excuse, will be denied.

Appeal from an order of interpleader.

*Walter S. Cowles,* for appellant.

*W. G. Bussey,* for respondent.

VAN BRUNT, P. J.—We are of the opinion that this motion should not have been granted because of the laches of the defendant. The defendant was bound to move with diligence if he desired to withdraw himself from the contest upon the ground of no interest.

In the case at bar the action was commenced January, 1889, and the property in dispute was taken possession of by the sheriff.

The defendant duly appeared and excepted to the sufficiency of the sureties named in the undertaking given in behalf of the plaintiff, and as early as February 4, 1889, made his motion requiring the plaintiff to file additional or larger security.

Even motion to interplead was not made until June, 1889.

During all this time the defendant was as well aware as he now is that Herbert was the party really interested, and yet he made no move to have Mr. Herbert substituted as defendant, although he announced his intention so to do in his affidavit made February 4, 1889.

It is true that the defendant states in his affidavit that at the time of the commencement of this action the said Herbert was absent in Europe, but it is nowhere stated how long prior to the making of this motion to interplead he had returned. From the statement contained in the affidavits presented by the plaintiff upon this motion it would appear that such return had taken place at a period long anterior to it, and yet no effort to obtain this substitution seems to have been made, but the defendant went on litigating the action in his own name.

It is true that there appears among the moving papers a written demand made by Herbert upon the defendants for the property in question, dated June 4, 1889; but it is apparent that this paper came into existence for the purpose of this motion, and conveyed no information to the defendant of any claim of which he had not been fully aware at the time of the commencement of this action.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied.

DANIELS and BRADY, JJ., concur.

NOTE ON "INTERPLEADER."

A promise to pay a claim, where the other claimants subsequently intervene, does not preclude an interpleader. Drake *v.* Woodford, 58 Hun, 604.

A party who, without collusion, is subjected to a double demand for the money, as to which there is a substantial controversy, may resort to an interpleader. Jarvis *v.* Benedict, 37 N. Y. St. Rep. 588.

Where the sheriff and a receiver bring actions to recover the same moneys from the same defendant, an order of interpleader is proper. Sickles *v.* Wilmerding; Sullivan *v.* Same, 59 Hun, 375.

The plaintiff in the action first commenced should not be made the defendant in the second action. Id.

An action of interpleader will not lie, unless, in case the plaintiff is liable to one, he is not liable to the other, defendant. Bassett *v.* Leslie, 57 Hun, 588; aff'd, 123 N. Y. 396.

An order of interpleader in replevin is not proper where the property is not reclaimed. P. H. E. Co. *v.* Baggaley, 34 N. Y. St. Rep. 691.

An action of interpleader will not lie, though two parties claim the same

amount as plaintiff, where one claims for goods sold and the other upon a draft.   Bassett v. Leslie, 123 N. Y. 396.

A receiptor to the sheriff for goods in dispute cannot bring suit in the nature of interpleader against other parties to determine the title to the goods.   Cromwell v. Am. L. & T. Co., 57 Hun, 149.

Where the defendants disclaim any interest in the fund and declare their readiness to pay it into court, to abide its determination of the question involved, and they are subjected to a double demand, without any suggestion of collusion between them and the defendants proposed to be substituted in their place, an order of interpleader will be granted.   Pratt v. Myers, 63 Hun, 634.

An interpleading bank should be directed to deposit the fund in court and not-to open a new account to the credit of the action.   Faivre v. U. D. S. Ins., 36 N. Y. St Rep. 79.

See Baker v. Brown, 64 Hun, 627.

An application to come in and be made a party defendant comes too late after an affirmance at general term, where the petitioner knew of plaintiff's claim to the fund before the trial and was informed of the pendency of the action shortly after the trial.   Brennan v. Hall, 62 Hun, 622.

See note in 2 Sil. (Ct. of App.) 347.

---

In the Matter of the Application for the Removal, etc., of JAMES NEALE PLUMB, as General Guardian.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Surrogate's court.   Payment of debts.*—Objections to the sufficiency of the petition, or the merits of the application, are not available on a motion to appoint a new in place of a deceased referee, after the original order has been affirmed on appeal.

Appeal from an order of the surrogate appointing a referee in the place of a referee deceased.

*Henry Thompson*, for appellant.

*David McClure*, for respondent.

VAN BRUNT, P. J.—This general term decided, upon an-